UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Mark Carnes
_____

Write the full name of each plaintiff.

-against-

Pritchard Industries, Inc.
_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☑ Yes    ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

Mark

**First Name**                          **Middle Initial**          **Last Name**  Barnes

1205 Atlantic Ave, Unit #363

**Street Address**

Brooklyn (Kings)                    N Y                    11216

**County, City**                                        **State**              **Zip Code**

646-963-5396

**Telephone Number**                              **Email Address (if available)**

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:      Pritchard Industries, Inc.

**Name**

150 E. 42nd Street, 7th Floor

**Address where defendant may be served**

New York (New York)            N.Y.            10017

**County, City**                              **State**          **Zip Code**

Defendant 2:

**Name**

**Address where defendant may be served**

**County, City**                              **State**          **Zip Code**

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City             State         Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_Waterman Properties_

Name

_400 Park Ave_

Address

_New York, (New York)_      _NY_       _10022_

County, City          State        Zip Code

## III.   CAUSE OF ACTION

### A. Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☑ race:        _Black_

☑ color:      _Black_

☑ religion:   _African Hebrew Israelite_

☐ sex:       _____

☑ national origin:  _African-American_

☑ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____BLACK_____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me
- ☑  terminated my employment
- ☐  did not promote me
- ☐  did not accommodate my disability
- ☐  provided me with terms and conditions of employment different from those of similar employees
- ☑  retaliated against me
- ☐  harassed me or created a hostile work environment
- ☑  other (specify):  Fail to rehstk to Employment upon Vaccine mandate lifted (Nov. 1, 2022)

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See Attached
Pages 1 thru 36

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  <u>New York City</u>

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  <u>May 26, 2023</u>

When did you receive the Notice?  <u>May 26, 2023</u>

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☑ direct the defendant to hire me

☑ direct the defendant to re-employ me

☐ direct the defendant to promote me

☑ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

<u>PLEASE SEE DAMAGES-RELIEF</u>
<u>Pages 37 thru 39</u>

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| July 28, 2023 | | Plaintiff's Signature |
|---|---|---|
| Dated | | |

| Mark | | Barnes |
|---|---|---|
| First Name | Middle Initial | Last Name |

1205 Atlantic Ave, Unit 363
**Street Address**

| Brooklyn (Kings) | NY | 11216 |
|---|---|---|
| County, City | State | Zip Code |

646-913-5396
**Telephone Number**                                           **Email Address (if available)**

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

Mark Garnes,                            :

                Plaintiff,              :         **COMPLAINT**
                                                  Docket Number:
        -against-                       :         **PRO SE**
                                                  **JURY TRIAL DEMANDED**
                                        :

Pritchard Industries, Inc.,

                                        :
                Defendants.
_____X


I

**PARTIES**


**PLAINTIFF**

Mark Garnes' ("Plaintiff") color is Black, race is Black, ethnicity is of Black African-American spanning within the confines of the United States of America with national origin being Black African-American, with gender being Black African-American male. Plaintiff is a citizen of the United States of America and resides in Brooklyn, New York.


In respect to Plaintiff's religion, religious faith, belief being African Hebrew Israelite relevant to the constitutional protections guaranteed Plaintiff under the First Amendment, therewith the Exercise and Establishment Clauses. Hereto, under Title VII of the Civil Rights Act of 1964, 42

1

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

U.S.C. 2000e, 42 U.S.C. 1981, New York State Human Rights Law and New York City Human Rights Law. Plaintiff's race and religious faith being protective activities in furtherance of this matter before the Honorable Court.

## DEFENDANT

The employer Pritchard Industries Inc., ("Defendant") is now and at all times relevant to this action conducts business herein the State of New York and the City of New York, with a business location at 150 East 42nd Street, 7th Floor, New York, N.Y. 10011. Defendant has an overwhelming employee roster (500+) with Plaintiff employed there at 400 Park Ave., New York, New York 10022. Defendant employed Plaintiff for the duration of this matter at the work location here below to be noted, until Christmas Eve, December 24, 2021.

II

## JURISDICTION

This civil action is brought pursuant to 28 U.S.C. § 1331 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 1981, New York State Human Rights Law, Sections 290 to 297, New York City Human Rights Law, Sections 8-101 to 131. Jurisdiction of the Honorable Court pursuant to 28 U.S.C. Section 1343, 28 U.S.C. Section 1367 is applicable in this matter.

III

## VENUE

The Honorable Court has venue to hear this matter due to the Cause of Actions occurred in New York, New York in the Southern District of New York.

2

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

**EEOC Letter of Right To Sue**

Plaintiff attest here, on May 26th, 2023, the EEOC issued a Letter of Your [Plaintiff] Right To Sue.

**Attached** Here now, so as to meet the statute of limitations timeline thereof ninety (90) days.

Plaintiff submits this Summons and Complaint for Employment Discrimination on the premise

of protected activities consistent with Plaintiff's Race and Religion. Here also, Plaintiff avers,

continuity of this matter is related thereto prior/previous submissions to this Honorable Court

*(Mark Garnes v. Pritchard Industries, Inc., 20-CV-3847 (PAE) (SLC) and 22-CV-10674 (PAE)*

*(SLC))*, inclusive of grievances submitted to Local 32BJ SEIU, in addition, the EEOC.

**IV**

**FACTS OF THE CASE**

**A. Plaintiff's Employment with Pritchard Industries, Inc.**

1. On September 1st, 2015, Pritchard Industries, Inc. ("Defendant") acquired the three (3) year commercial building cleaning service/maintenance bid and contract over ABM Janitorial Services, Inc.'s endeavored contract continuance (ABM contract expired August 31st, 2015), at 400 Park Ave., New York, New York 10022. Defendant also retained this contract's renewal on/or about September 1st, 2018 for the subsequent three (3) years, as well, on/or about September 1st, 2021 for an additional three (3) years. To which, Plaintiff was discriminately discharged on the Eve of Christmas 2021.

3

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

2. Plaintiff notes here for the duration of this employment by Defendant, Plaintiff received no disciplinary reports, write ups, verbal or otherwise. Hereto, annual bonuses were provided to Plaintiff relevant to gratuity for the work, labor Plaintiff provided each year under Defendant and prior.

### B.   Plaintiff's Race, Religion and Religious Exemption with Reasonable Accommodation Request

3. Plaintiff being Black/African-American employed with Defendant continuously an issue, discriminately, albeit, Plaintiff's wages and hours unpaid/withheld, reduction in Plaintiff's workloads, coverage and otherwise on the premise of Plaintiff's race to adversely reduce Plaintiff's wages and hours. These matters have been addressed in previous grievances and litigation before the Honorable Court here now.

4. Nevertheless, Plaintiff complied and abided by all policy, procedures, expectations thereby Defendant without fault from September 1, 2015 to Christmas Eve 2021 and December 27, 2021. Prior to March 2020, there existed no reasons nor circumstances for Plaintiff to reveal his religion to Defendant. As a result of COVID-19's uptick with procedures, protections, policies put in place, Plaintiff, sought a religious exemption with reasonable accommodation in October 2021, which compelled Plaintiff to reveal his religious faith, African Hebrew Israelite relevant to the COVID-19 "vaccine mandate" ORDERED by the Mayor of New York City and other government officials for the State of New York for employees seeking reasonable accommodation premise on their religion.

4

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

5. On October 8, 2021, Plaintiff advised by Defendant to sign for "COVID-19" memorandum pertaining to vaccination mandate for New York City. A deadline of October 14, 2021 for all employees to be vaccinated or request for medical or religious exemption to be provided. Local 32BJ SEIU ("Union") provided an initial memorandum on this matter accordingly. Plaintiff requested for a religious exemption thereto Defendant's site supervisor, Pawel Birula and Area Manager Adrian (LNU). Each were unable to provide directions to Plaintiff as to how to request for a religious exemption with reasonable accommodation nor provide paperwork, forms relevant to this request. However, it is at this point, for the first time during Plaintiff's employment with Defendant, that Plaintiff compelled to reveal his religion. Plaintiff's understanding of this disclosure furthered Defendant's disdain for Plaintiff, discriminately, premised on Plaintiff's race initially and Plaintiff's religion secondly, which each has impacted Plaintiff therewith Defendant's retaliatory actions elongated as a result.

6. On October 18, 2021, Plaintiff submitted an initial "self-authored" religious exemption attestation request ("religious exemption request") under Title VII of the Civil Rights Act of 1964 ("Title VII"), due to Defendant provided no forms, applications consistent with any structured uniformity of this request with additional information. Reasoning this COVID-19 Pandemic mimicked requisitions of the H1N1 Virus of 2009, posit Defendant's office archives, file(s) prepared for any future health crisis simulative to 2009.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

Here also, Plaintiff conceives Defendant's refusal to provide such documents, as to force Plaintiff to defile not only his body but the tenets of Plaintiff's religion as an African Hebrew Israelite.

7. Upon submission of this religious exemption request to Defendant on October 18, 2021, Defendant's Director of Safety and Health, Steven DiMartino stated via phone call, "This won't fly." This statement by Steven DiMartino being reference to the initially submitted religious exemption request. Steven DiMartino averred a letter from a "religious leader" is required for submission and consideration, not Plaintiff's "self-authored" religious exemption request.

8. On October 21, 2021, Plaintiff submitted a Second Religious Exemption Attestation Request with Reasonable Accommodation ("Second Religious Exemption Request"), holding under Title VII and the United States Constitution's First Amendment, First and Second Clause. The United States Constitution forbids an organization, group, government body to determine, define Plaintiff's individuality relevant to religious faith. Defendant provided no immediate response to this Second Religious Exemption Request. Once again, Plaintiff's "self-authored" religious exemption request based on Defendant provided no structured uniformity as to forms, application, documents pertaining to a format for submission of religious exemption request(s).

6

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

9. On December 1, 2021, Defendant provided Plaintiff with the "reasonable accommodation" to "test negative weekly for COVID-19" to continue working. This memo's inscription indicated Plaintiff may work premised on "weekly negative COVID-19 test results." Endorsement by executive and/or administrative staff specifically is absent. Plaintiff provided weekly negative COVID-19 test results from December 6, 2021 to January 27, 2022.

10. On/or about December 13, 2021, Defendant provided a second memorandum pertaining to COVID-19 vaccination, with a deadline date being December 27, 2021. This memorandum practically a mirror of the October 8, 2021 memo, medical or religious exemption request with reasonable accommodation consideration inclusive. As a direct result of Defendant's third memorandum, subsequent to approving Plaintiff for a "reasonable accommodation" thereto weekly testing, Plaintiff submitted a Third Religious Exemption Attestation ("Third Religious Exemption Request") to Defendant on December 13, 2021.

11. On/or about December 14, 2021, Defendant provided a third memorandum pertaining to vaccination with all language and options for medical or religious exemption with reasonable accommodation information omitted. This memorandum narrowed the language to vaccination by December 27, 2021 or option for "Leave of absence or

7

placement on recall list" only. Plaintiff declined each in this modified memorandum which omitted Title VII protections with only terms, conditions of employment inscribed.

12. On December 27, 2021, Plaintiff was constructively discharged, terminated under the guise of "Leave of Absence" for declining the vaccine mandate. On this same date, December 27, 2021, Plaintiff submitted a religious exemption request with reasonable accommodation correspondence to Defendant's Victoria Pasquale, Sr. V.P., Human Resources, therewith copies of same forwarded to listed persons relevant to this matter. Defendant's Human Resources failed to respond.

13. On November 16, 2021, Plaintiff submitted a grievance to Local 32BJ SEIU ("Union") pertaining to COVID Vaccine Accommodation Denial. This grievance based on Defendant's failure to reply/respond to Plaintiff's Religious Exemption Request for a reasonable accommodation as to testing.

14. Here again, Plaintiff filed a grievance on December 15, 2021, premised on Defendant's modified and omitted December 14, 2021 memo as to vaccination by December 27, 2021 or "Leave of absence or placed on recall list" optioned. Plaintiff declined each, requesting the approved reasonable accommodation thereof "testing negative weekly for COVID-19" to continue. Defendant silently declined, constructively discharging, terminating

8

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

Plaintiff. However, Defendant failed to provide in writing, reason(s) for the discharge/termination, dated, thereafter.

15. On January 4, 2022, Plaintiff submitted a grievance to the Union as to discriminatory termination premise on Plaintiff's race and religion for refusal to be vaccinated. To date, as of June 14, 2023 this matter has been in arbitration.

16. On April 22, 2022, Plaintiff filed a complaint with the National Labor Relation Board regarding this discriminatory discharge. The NLRB dismissed the matter on October 10, 2022. Plaintiff appealed on November 14, 2022, with the NLRB denying the appeal on December 3, 2022.

17. On April 21, 2022, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") for discriminatory termination against Plaintiff under Title VII. This Complaint was dismissed by the EEOC on May 26, 2023, with a Letter of Plaintiff's Right to Sue.

18. Thus, for the reasons set forth here, Plaintiff seeks the Honorable Court to grant Plaintiff's Summons and Complaint as meritorious, thus enabling a jury trial to be composed and convene on these matters, claims accordingly. Hereto, the related, continuing wrong

doctrine acclimated as a means to determine the continual discriminatory actions thereby Defendant.

### c. Retaliation

19. Plaintiff avers as a direct result of Defendant's discriminatory disdain set upon Plaintiff, premised upon Plaintiff's race, Black, African-American therewith Plaintiff's religion, African Hebrew Israelite, Defendant's retaliatory actions thereby discriminately, constructive discharge, termination thereof Plaintiff on December 27, 2021 being unlawful and violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e- , 42 U.S.C. 1981, NYSHRL, NYCHRL in that Plaintiff suffers undue hardship reasoning reinstatement of employment due to the "vaccine mandate" lifted as of November 1, 2022 optioned to Defendant, thus, Defendant continued to retaliate against Plaintiff thereby deliberate denial and intentional refusal to reinstate Plaintiff accordingly to employment.

### FIRST CAUSE OF ACTION:

### Race and Religious Discrimination under
### Title VII of the Civil Rights Act of 1964

20. Under Title VII of the Civil Rights Act of 1964, reasoning with the United States Supreme Court in *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973),*

> "Title VII tolerates no [prohibited] discrimination, subtle or otherwise." Furthermore, "Congress intended to prohibit all practices in whatever form which create inequality in employment opportunity due to discrimination."

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

Recently, under Title VII requirements for reasonable religious accommodation, in *We The Patriots*, expressed,

> Title VII does not, however, require covered entities to provide the accommodation that [an employee] prefer[s] – in this case, a blanket religious exemption allowing them to continue working at their current positions unvaccinated. To avoid Title VII liability for religious discrimination, . . . an employer must offer a reasonable accommodation that does not cause the employer undue hardship. Once any reasonable accommodation is provided, the statutory inquiry ends."

21. On December 1, 2021, Defendant provided Plaintiff with a religious accommodation, clearly in response to Plaintiff's First and Second Religious Exemption Attestation with Title VII's requisitions for religious accommodation(s). Plaintiff avers here, this request for "testing" weekly premise on Defendant's choice aligned with various government and legal agencies guidelines and guidance for granting reasonable accommodation for employees, thereto being the very first reasonable accommodation on lists of guidelines as directives from various "covered entities," agencies, health commissioner, OSHA, etc. Plaintiff, in addition to Defendant granting the "testing" accommodation sought to reinforce the safety measures due to COVID-19 restrictions upon Plaintiff's religious faith, belief, thereby request for a shift change (3rd Shift, Midnight to 8 a.m.), again, clearly within the realms of Title VII requisitions and 29 C.F.R. 1605.2.

11

22. The United States Supreme Court's held decision in **EEOC v. Abercrombie and Fitch Stores, Inc., 578 U.S. 768, 135 S.Ct. 2028, 192 L.Ed.2d 35 (2015),** under Title VII, the Nation's High Court, stated,

> ". . . an applicant need show only that his need for an accommodation was a motivating factor in this employer's decision, not that the employer had knowledge of his need."

23. Defendant's omission of Title VII religious accommodations therein the final memo, December 14, 2021 nullified Plaintiff's Title VII rights, discriminately. Considering the inscribed "Placement on Recall List or Leave of Absence" are conditions of employment, not accommodations. In that,

> "An accommodation is deemed not reasonable if it transfers an employee from his current position or if it reduces an employee's pay, benefits, or responsibilities of employment, and a reasonable accommodation exists that would not so harm the employee." *The Amici Curiae,* Dr. A., et al. v. Kathy Hochul, et al., 21-1143 (March 2022)

24. Further reasoning in this **Amici** brief notes, where the Second Circuit indicates New York's mandate

> "may accommodate its employees' religious beliefs by transferring those employees to different positions not covered by the mandate. In that, such an "accommodation" would not be reasonable under Title VII, which permits job transfers as

12

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

accommodations do not exist. Even lateral transfers themselves can be adverse employment actions."

Inclusive with this *Amici,* Justice Kavanaugh's outlined concurrence on this matter averred,

("transferring an employee because of the employee's [protected basis] (or denying an employee's requested transfer because of the employee's [protected basis]) plainly constitutes discrimination with respect to 'compensation, terms, conditions, or privileges of employment' in violation of Title VII" (quoting 42 U.S.C. 2003-2(a))) . . . (Under the plain meaning of the statutory text, "[a]ll discriminatory transfers (and discriminatory denials of requested transfers) are actionable under Title VII.")."

25. As Plaintiff pointed out in each "Religious Exemption Attestation" under Title VII, options to avail Plaintiff with a reasonable accommodation thereby placement on the third shift would suffice, thus, further protections on a "protected basis." Defendant failed to avail Plaintiff's Title VII rights discriminately, relevant to Plaintiff's religion and race thereto an additional religious accommodation to safeguard Plaintiff's Title VII rights.

26. Here also, as OSHA's ETS with vaccine mandate promulgated by New York City and the federal government, held to infringe upon Title VII by the United States Supreme Court, therein *National Federation of Independent Business v. Department of Labor, 595 U.S. - - - (U.S. Jan. 13, 2022).* Given a "grave danger" in workplaces of employers with 100 or

13

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

more employees existed. However, the Nation's High Court recognized employees "may be entitled to a reasonable accommodation," consistent with Title VII. Such being, employees "[w]ho are legally entitled to a reasonable accommodation under federal civil rights laws because they have sincerely held religious beliefs, practices, or observances that conflict with the vaccination requirement."

27. Under *National Federation of Independent Business v. Department of Labor, 595 U.S. - - - (U.S. Jan. 13, 2022)*, the Supreme Court recognized this vaccine mandate's encroachment upon the lives and health of many. To which, the Secretary empowers the Act to set workplace safety standards, but not broad public health measures, absent an act of Congress. Thus, the Act negates the Secretary's mandate, in that, "testing" as a reasonable accommodation cognizable. Analyzing the weight of COVID-19's overall risk "at home, in schools, during sporting events, and everywhere else that people gather." Such risks does not differ "from day to day dangers people face from crime, air pollution, or any other number of communicable diseases." The Supreme Court further expressed,

> "The agency [OSHA] claims the power to force 84 million Americans to receive a vaccine or undergo regular testing."

28. Here, with the instant matter, Defendant compellingly optioned Plaintiff to be vaccinated at the latter stage of this occurrence or concede to "placement on a recall list or leave of absence" as a term, condition of employment which nullifies Title VII, nevertheless, Plaintiff's approved "testing" to continue working as a protective activity under Title VII

14

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

circumvented and discontinued by Defendant. Bear in mind, the State of New York's vaccine mandate, compelling vaccination negates Title VII protections absent religious exemptions with reasonable religious accommodations to be exercised by Plaintiff. As a result, Plaintiff's discriminate, constructive discharge, adversely implemented by Defendant imposed "undue hardships" upon Plaintiff due to this nullification. Loss of employment, livelihood, ability to maintain life's essentials of existence.

29. Today, OSHA's ETS rule has been withdrawn, as of January 2022, reasoning, Plaintiff's weekly "testing" negative to continue working plausible to have remained in place and/or reinstated subsequent to December 27, 2021. Again, Plaintiff notes, it is unclear whether or not Defendant's guidance on this matter of vaccine mandate derived from OSHA, infused with President Biden's executive order mandating vaccines on September 9, 2021 and/or therewith New York Mayor De Blasio vaccine mandate for New York City on private sector workers on December 6, 2021, inclusively therewith the Union's memorandums, memorandums of agreement (MOA). Defendant's option to exercise OSHA's negated ETS Rules plausibly sufficient to reinstate Plaintiff to employment thereafter this ruling by the United States Supreme Court. Seemingly, here also, Defendant opted to compel vaccination upon Plaintiff oppose to reasoning with suggestion provided with the EEOC's Section 12-IV, Reasonable Accommodation, to ascertain Title VII protections upon Plaintiff.

15

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

30. Taken into account, as recommended upon the start of this pandemic, Defendant's adherence to the Equal Employment Opportunity Commission's guidance, as directives to COVID-19's impact, such guidelines from the EEOC to enable Defendant to evaluate and respond to religious accommodation requests. Defendant in this instance ignored EEOC guidance as to Plaintiff's religious accommodation. The records, documents, papers, emails, to date, have failed to indicate Defendant's guidance on this matter derived from any source (Union, EEOC, and/or otherwise) other than Defendant's "company policy" which has yet to be provided to Plaintiff.

## SECOND CAUSE OF ACTION:

### Discriminatory Termination under Title VII of the Civil Rights Act of 1964

31. *Sections: 2000e-2 [Section 703] Unlawful Employment Practices-Subsections (a)(1), (2)* forbids employment discrimination on the basis of race and religion relevant to this matter before the Honorable Court.

32. Here also, *Sections: 2000e-3[Section 704]-Other Unlawful Employment Practices-Subsections (a),* indicates it is unlawful for Defendant to discriminate against Plaintiff for making charges relevant to enforcement proceedings or opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing under this subchapter. To which, Plaintiff's pending litigation **(Mark Garnes v. Pritchard Industries, Inc., 20-CV-3843 (PAE) (SLC), Mark Garnes v. Pritchard Industries, Inc., 22-CV-010674 (PAE) (SLC))** plausibly, in furtherance, fuels Defendant's continual unlawful employment practices, thereto, based upon grievances, previous and present filings with the EEOC and NLRB. In addition, Defendant's retaliatory actions on the basis of Plaintiff's protective activities, rights continue thereby Defendant's denial, refusal to reinstate Plaintiff to employment as noted in the Union (Local 32BJ) memorandum of September 2021 **(Ex. 20),** in addition, therein Defendant's "Position Statement" of June 22, 2022, Page 1-2 **(Ex. 21-22).** Here also, with continual retaliation, adversely Defendant refuses to reinstate Plaintiff to employment in light of the 'vaccine mandate' lifted. **(Mark Garnes v. Pritchard Industries, Inc., 22-CV-10674)**

33. The United States Supreme Court in ***McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973),*** notes

> "Title VII tolerates no [prohibited] discrimination, subtle or otherwise." Furthermore, "Congress intended to prohibit all practices in whatever form which create inequality in employment opportunity due to discrimination."

34. As Plaintiff noted here above, Defendant's discriminatory discharge of Plaintiff thereon the Eve of Christmas, 2021 spurn from Plaintiff's race and religion, to which, Plaintiff sought continuance for the religious accommodation thereto "testing" weekly to continue

working.   Upon Plaintiff omitting all Title VII rights therefrom the December 14, 2021 memorandum, Plaintiff compelled to be vaccinated or constructively, discharged, terminated discriminately. Plaintiff's sought request for religious exemption with reasonable accommodation continued, Defendant silently declined and constructively discharged Plaintiff discriminately for seeking to exercise Plaintiff's religion as a African Hebrew Israelite under Title VII of the Civil Rights Act of 1964. Hereto, under 42 U.S.C. Section 1981, New York State Human Rights Law, Sections 290 to 297, New York City Human Rights Law, Sections 8-101 to 131.

35. As Plaintiff pointed out to the EEOC, Plaintiff's Title VII claims are nullified as a result of such omissions when a reasonable accommodation permits discriminatory discharge in conjunction with Plaintiff's rights.

> *"An accommodation is deemed not reasonable if it transfers an employee from his current position or if it reduces an employee's pay, benefits, or responsibilities of employment, and a reasonable accommodation exists that would not so harm the employee."* **The Amici Curiae, Dr. A., et al. v. Kathy Hochul, et al., 21-1143 (March 2022)**

36. Upon residing on the Third Circuit panel of justices, United States Supreme Court Justice Alito's stand on this matter, addressed in ***Abramson v. William Paterson Coll., 260 F.3d 265, 290 (3d Cir. 2001),***

> "[i]ntentionally pressuring a person to choose between faith and career * * * has * * * direct effect on the conditions of employment."

Furthermore,

> "Title VII does not permit an employer to manipulate job
> requirements for the purpose of putting an employee to
> the 'cruel choice' between religion and employment.'

**See also: 42 U.S.C. 2000e-2(a)(1)**

37. Clearly Defendant has illustrated their discriminatory dictatorship herein this instant matter, promulgation of a religious exemption with religious accommodation, thus, subsequently omitting Plaintiff's Title VII rights circumvented to conditions of employment. To which, in *EEOC v. Abercrombie and Fitch Stores, Inc., 578 U.S. 768, 135 S.Ct. 2028, 192 L.Ed.2d 35 (2015)* under Title VII, the Nation's High Court, stated, ". . . an applicant need show only that his need for an accommodation was a motivating factor in this employer's decision, not that the employer had knowledge of his need."

38. Here also, the Supreme Court reasoned that OSHA's ETS rule, relevant to "vaccine mandate and testing" falls outside of OSHA's sphere of expertise. *National Federation of Independent Business, et al., v. Department of Labor, Occupational Safety and Health Administration, et al., 505 U.S. ---- (January 13, 2022)* Nevertheless, each agency, covered entity, Union hereof this instant matter, posited "testing" as a reasonable

19

accommodation to be considered by private employers as provided in health officials guidelines, as well, the EEOC's guidelines. Defendant's consideration and approval of this "testing" as a reasonable accommodation on December 1, 2021 complied with all relevance deemed just by guidelines issued by various government, health agencies and administrations, covered entities, Union and Realty Advisory Board ("RAB") precisely applied in this matter.

39. Defendant in this instant matter precluded Plaintiff from continuance of this "testing" as a reasonable accommodation, discriminately on the premise of Plaintiff's race and religion as well retaliatorily. To which, the United States Supreme Court has provided, "[i]t is not within the judicial ken to question the centrality of particular beliefs or practices of faith, or the validity of particular litigants interpretations of those creeds." **Hernandez v. Commissioner, 490 U.S. 680, 699 (1989)**

## THIRD CAUSE OF ACTION:

### Retaliation of Employment on the Premise of Race and Religion
### Under Title VII of the Civil Rights Act of 1964

### c).    Retaliation

39.    Plaintiff here filed a complaint with the EEOC, initially on/or about October 29, 2019, here again as of April 22, 2022 (Discriminatory Termination) and November 2, 2022 (Reinstatement to Employment), however, Plaintiff reasons Defendant's retaliatory

20

actions therewith filed **EEOC Charge No. 520-2019-01431 and 520-22-04537,** as well Plaintiff's **NLRB Complaint, Case No. 02-CB-250410 and Mark Garnes v. Pritchard Industries, Inc., 22-CV-10674** further ignited Defendant's fury to retaliate against Plaintiff, adversely, at all cost. Inclusive are several grievances Plaintiff has filed against Defendant related to these matters as well for wages and hours unpaid/withheld by Defendant. Subsequent to each dismissal/denial (EEOC and NLRB), Plaintiff pursued the matter in federal court, **Mark Garnes v. Pritchard Industries, Inc., 20-CV-3843 (PAE) (SLC),** herewith this current matter aligned with the latter and current EEOC Charge. **(Mark Garnes v. Pritchard Industries, Inc., 22-CV-10674)**

40. Reasoning with the Second Circuit's three step evaluation analysis relevant to retaliation claims under Title VII, Section 1981, NYSHRL and NYCHRL, thereto **McDonnell Douglas v. Green, 411 U.S. 792 (1973).** Plaintiff here must establish that: (1) he engaged in a statutorily protected activity; (2) the defendant was aware of plaintiff's participation in the protected activity; (3) the defendant took an adverse employment action against plaintiff, and (4) a causal connection existed between the protected activity and the adverse employment action. Plaintiff notes here, should Plaintiff's race, ethnicity, religion aligned with similarly situated colleagues there at the work location, such being, predominantly Albanian and/or Montenegro ethnicities, race(s), Plaintiff's accommodation nor religion or race would have been a factor. Plaintiff reasons the premise of discrimination, therewith Defendant's hiring practices

21

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

since the inception of the building service contract acquired on September 1, 2015 continual. Plaintiff elaborated on this matter therein the initial complaint *(Mark Garnes v. Pritchard Industries, Inc., 20-CV-3847, Pages 4-41, 44-45, 49-50, 54-55, 57-60).* Defendant's hiring and placement of employees at the work location continues to be consistent from retirees as noted in the mentioned complaint as well at present, all new hires are of Albanian and/or Montenegro descent post-December 2021 (COVID-19 Restrictions and Vaccine Mandate) upon the work location staff.

41. In which Plaintiff contends Defendant's retaliatory actions, adversely against Plaintiff as to reinstatement to employment based on the "vaccine mandate" lifted is in furtherance and most recently, retaliatory by Defendant. This mandate lifted being the very indication of Plaintiff being reinstated as Defendant asserted in their EEOC Position Statement of June 22, 2022.

42. Plaintiff avers, the elements for retaliation exist in this instant matter. Plaintiff notes, (1) statutorily protected activity as to Plaintiff's race (Black/African-America), religion (African Hebrew Israelite), right to file complaint(s), grievance(s), lawsuits as to access the courts; (2) Defendant's adverse employment actions as to terms, conditions of employment for not being vaccinated (discriminately, constructively discharged, terminated), hereto, delay/refusal of reinstatement to employment based on the

22

Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023

"testing weekly" rescinded and "vaccine mandate" lifted; and (3) the protected

activities and adverse employment actions are casually connected, related. Defendant

is completely familiar with each related connection here, as Defendant's replies,

responses, answers documented accordingly.

## FOURTH CAUSE OF ACTION:

### Race and Religious Discrimination under 42 U.S.C. Section 1981

43. Defendant's racial, discriminatory, retaliatory, constructively discharge, termination of

Plaintiff, as outlined here above is prohibited by 42 U.S.C. Section 1981. To avoid

repetitiveness, Plaintiff references Paragraphs 14 – 43 (Discrimination and Retaliation)

aforementioned delineate the issues relevant. **42 U.S.C. Section 1981(b) and 28 U.S.C.**

**Section 1658(a), Hayes v. Kerik, 414 F.Supp.2d 198, 208 (E.D.N.Y. 2006)**

44. Plaintiff notes here, the statute of limitations being four years in this instance due to

Defendant's continual, related, connective and causal actions plausible under the

"catch-all" parameters of the federal statute of limitations. **Cornwell v. Robinson, 23**

**F.3d 694, 704 (2d Cir. 1994)** Plaintiff notes here, the Union's Collective Bargaining

Agreements from 2012 to 2020/2023's "NO-DISCRIMINATION" policy was in effect for

the duration of the claims here mentioned. Therewith the EEOC, NLRB prohibition

against employment discrimination. Upon which the accumulative discriminatory,

retaliatory actions of Defendant culminated with Plaintiff's constructive, discriminatory

23

Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023

discharge, termination on December 27, 2021 due to COVID-19's "vaccine mandate" in

place.

## FIFTH CAUSE OF ACTION:

### Race and Religious Discrimination under
### New York State Human Rights Law, Sections 290 to 297

45. Plaintiff avers here, under NYSHRL, to avoid redundancy, paragraphs 14 to 44 relevant

to discrimination on the premise of race in this matter is relevant. Reasoning Plaintiff is

a Black, African-African male whose religious faith, belief, practices are rooted as an

African Hebrew Israelite, discriminated against by Defendant on this basis, here also,

discriminately, constructively discharged, terminated on the premise of Plaintiff's race,

religion, creed, inclusive as delineated above.

46. NYSHRL prohibits discrimination, in that, "it shall be an unlawful discriminatory practice

for an employer, on account of an individual's race, creed or color, to discriminate

against such individual in compensatory or in terms, conditions or privileges of

employment." **N.Y. Exec. Law Section 2961(1)(a)**

47. Furthermore, Plaintiff avers Defendant's retaliatory actions are cognizable under

NYSHRL. Relevant to the statute of limitations under NYSHRL, being three (3) years,

Plaintiff asserts the continual, related causal connections, wrongs in this matter infuse

24

the retaliatory actions of Defendant accordingly. Thus, the four year statute of limitations plausible as a result.

## SIXTH CAUSE OF ACTION:

### Race and Religious Discrimination under New York City Human Rights Law, Sections 8-101 to 131

48. Plaintiff avers here, under NYCHRL, to avoid redundancy, paragraphs 14 to 47 relevant to discrimination on the premise of race in this matter is relevant. Reasoning Plaintiff is a Black, African-African male whose religious faith, belief, practices are rooted as an African Hebrew Israelite, discriminated against by Defendant, here also, discriminately, constructively discharged, terminated on the premise of Plaintiff's race, inclusive as delineated above. **N.Y.C. Admin. Code Section 8-101(1)(a)**

49. Furthermore, Plaintiff avers Defendant's retaliatory actions are cognizable under NYCHRL. Relevant to the statute of limitations under NYCHRL, being three (3) years, Plaintiff asserts the continual, related causal connections, wrongs in this matter infuse the retaliatory actions of Defendant accordingly.

Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023

## SEVENTH CAUSE OF ACTION:

### Defendant's Breach of Collective Bargaining Agreement Under LMRA 301

50. At this instance, Defendant here breached the CBA's "No Discrimination" clause on the basis, premise of Plaintiff's race, creed, color, national origin, thereby violation of Plaintiff's Title VII protections on the basis of race and religion discriminately. Here also, Defendant's denial, refusal for continued "testing" as a reasonable accommodation in light of COVID-19's vaccine mandate, therewith silent denial of an additional reasonable accommodation thereto shift change. Defendant nullified Plaintiff's religious faith, belief, practice thereby discriminately omission of the reasonable accommodation in Defendant's December 14, 2021 memorandum, as a result Plaintiff discriminately discharged from employment on the terms, conditions of employment, to which, Plaintiff compelled to be vaccinated or placed on a recall list or leave of absence, Plaintiff declined each and requested continuance of the approved reasonable accommodation thereof "testing" which Defendant silently denied and discharged Plaintiff discriminately under Title VII.

51. Plaintiff faced a continual and **"substantial threat of irreparable injury"** due to Pritchard denying Plaintiff the "legally mandated accommodation process" as recited in accord with Title VII under 29 CFR 1605.2(c)(2(ii). Posits Plaintiff's unlawful, discriminatory discharge from employment impacted Plaintiff's economic livelihood.

26

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

Thus, results thereof Defendant's intentional emotional distress set upon Plaintiff's intentional discriminatory actions continually infused relative to submitted complaints, claims therefrom Mark Garnes v. Pritchard Industries, Inc., 20-CV-3843 (PAE) (SLC).

52. In accord with the CBA (2012 to 2020/2023) "NO DISCRIMINATION,"

> "No experienced employee may be terminated
> or denied employment for the purpose of
> discrimination on the basis of his/her compensation
> and/or benefits. The Union may grieve
> such discrimination in accordance with the
> grievance and arbitration provisions of the
> Agreement (Article VII and Article VIII).

**FIFTH CAUSE OF ACTION:**

**Defendant Union Breach of the**

**Duty of Fair Representation Under LMRA Hybrid 301**

53. Plaintiff reasons here, rights and responsibilities thereof the Union contracts/agreements (2012-2023) in this instant matter relates back, casually connected posit application here now. Thus, the CBAs were in force during Plaintiff's employment with Defendant, to which, all terms relevant to this matter govern this employment relationship. Inclusive being the grievance procedure and arbitration clause to resolve disputes relevant to employee and employer matter(s). *Doughterty v. American Tel. and Te. Co. 902 F.2d 201, 203 (2d Cir. 1980)*

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

54. The Union failed to pursue, address nor raise an argument based on an investigation negated upon submission of each grievance necessary for Plaintiff's "testing" as a reasonable accommodation by Defendant, but necessary for Plaintiff to present a full defense" to suffice the grievance's merits. Thus, there being a plausible breach of the Union's duty of fair representation unto Plaintiff due to the Union's arbitrariness. This matter's continuity of Defendant's discriminatory actions against Plaintiff.

55. The union allowed Defendant Pritchard in the matter of discrimination in the workplace pertaining to Plaintiff to go uncheck, upon which Defendant Pritchard aligned Plaintiff's grievance with an equal pay complaint unto the EEOC. Plaintiff's Complaint clearly absent of an equal pay claim. **(Mark Garnes v. Pritchard Industries, Inc., 20-CV-3842 (PAE) (SLC))** Plaintiff evinced in the Complaint restrictions set upon Plaintiff, discriminately reduced, denied job assignments, refused, modified and/or provided to other co-workers for overtime. Such discriminate actions delegated and commenced upon Albanian/Montenegro colleagues hired to fill each open position, with the new hires disdain for Plaintiff's commendable work ethics with wages and hours provided accordingly. Subsequently, as a result of this discrimination by Defendant Pritchard, Plaintiff's wages and hours adversely reduced. To date, Defendant Union has not addressed this grievance. **See Complaint, 20-CV-3843 (PAE) (SLC)), at 3-4**

28

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

56. Considering Plaintiff is forbidden to bring this claim directly to arbitration, posit Plaintiff's sole avenue being the judicial forum. Any and all union claims submitted to arbitration by the union only, absent written consent, permission of the Union forbade Plaintiff from pursuance. **See: CBA Art. VI, Section 1, at 14, Section 7, at 17**

57. The Second Circuit has held that arbitration provisions in CBAs are not enforceable. ***Rogers v. New York Univ., 220 F.3d 73, 75 (2d Cir. 2002), Trans v. Trans, 54 F.3d 115, 117-118 (2d Cir. 2000)*** This very holding by the Second Circuit aligned with being unenforceable against federal statutory constitutional claims under **Wright v. Universal Maritime Service Corporation, 525 U.S. 70, 76, 119 S.Ct. 391, 142 L.Ed.2d 361 (1998).** In addition, the Nation's High Court in **Alexander v. Gardner-Denver, 415 U.S. 36, 59-60, 94 S.Ct. 1011, 1025 (1974)** held that "an adverse arbitration decision provided in a CBA did not preclude a discharged employee from suing under Title VII."

58. Plaintiff has submitted three separate Title VII claims, here now, 22-CV-10674 (PAE) (SLC) and 20-CV-3843 (PAE) (SLC), with the former two instances, the Union made no efforts to hinder, discontinue nor otherwise abate the ongoing discriminatory violations Plaintiff incurred therefrom Defendant under the CBA. The union's failure to act upon the complaints, grievances previously, arbitrarily failed its duty to fair representation. It is only here now, due to the intensity of COVID-19's stringent Title VII

29

parameters the Union has initiated response(s) to Plaintiff's grievances pertaining to violations of Plaintiff's religion with reasonable accommodation(s) request to be continued. Thus, the union sought to pursue arbitration to resolve the Title VII violations.

59. Plaintiff's appeals from the NLRB relevant to the initial discriminatory grievance the union failed to file indicated the union's prejudice to submit, file Plaintiff's grievance discriminately. The NLRB affirmed their decision favorable to the union. In accord with each instance, enabled Defendant Pritchard to continually discriminate against Plaintiff, reasoning Defendant Pritchard recognized the union's failure to fairly represent Plaintiff existed, to which, resulted adversely thereupon Plaintiff's discriminatory discharge on December 27, 2021.

60. Here also, Local 32BJ SEIU ("Union") conducted no initiative to compel Defendant Pritchard to provide Plaintiff with necessary documents, paperwork, forms to request a reasonable accommodation, thus, Plaintiff composed "self-authored" Religious Exemption Attestations (1st to 3rd) with reasonable accommodations requested therein each. Furthermore, the Union failed to seize upon assistance to ascertain Plaintiff received and continued to receive "testing" as a religious accommodation, here also, to implore Defendant, concede Plaintiff's shift change request on the premise of a religious accommodation due to the impact of COVID-19 Public Health Emergency. The

30

Union's continual memorandum of agreements ("MOA") throughout the course of this pandemic provided guidance, instructions, directives for employers to utilize to minimize effects COVID-19 rendered in various aspects, including, but not limited to Title VII rights exercised by employees, here, by Plaintiff. However, the Union failed to compel Defendant to impose options to avail reasonable accommodation(s) upon Plaintiff.

## I. Defendant Employer Breach of Collective Bargaining Agreement

### a. FLSA AND NLRA Claims

61. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Plaintiff need not be subject to a heightened fact pleading relevant to FLSA and NLRA claims, in which, Plaintiff is only required to "give the defendant fair notice of [plaintiff's] claim and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)* Thus, factual allegations contained in the complaint must not be "conclusory allegations or legal conclusions masquerading as factual conclusions." **Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002)** Plaintiff's case citing is only emphasis on how the Courts have considered claims simulative.

31

62. The Second Circuit has reasoned with relevance to a FLSA claim, the specific context at the least, "where a plaintiff alleges violations of the FLSA's minimum and overtime wage provisions, the complaint should, at least approximately, allege the hours worked, for which wages were not received." *Zhong v. August August Corp. 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007)*

63. Here also, the United States Supreme Court explained an employee's rights to minimum wage and overtime pay under the FLSA claims being separate and distinct from contractual rights under CBA. *Barrentine V. Arkansas-Best Freight Sys. Inc., 450 U.S. 728, 745-746 (1981)* Thus, FLSA's "enforcement scheme grants individual employees broad access to the courts and no exhaustion requirement or other procedural barriers are set up, and no other forum for enforcement of statutory rights is referred to or created by the statute." *Barrentine, 450 U.S. at 740; see also: Tran v. Tran, 54 F.3d 115 (2d Cir. 1995)*

64. Plaintiff posits here, statutorily under FLSA claims for unpaid/withheld wages and hours for overtime, absentee coverage, square footage beyond CBA's 4,000 square feet per eight hours seeks compensation under statutory rights. Delineated in Plaintiff's complaint (20-CV-3843 (PAE) (SLC)) are cognizable absent the CBA.

32

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

65. In addition, the FLSA requires employees be paid for any time spent working before and/or after shifts. **29 C.F.R. 785.13**; see also *Chao v. Gotham Registry, Inc. 514 F.3d 280, 287-288 (2d Cir. 2008)* Defendant Union failed, prevented Plaintiff from exhausting the grievance process as a duty to fair representation.

**Statute of Limitations Extended Under Continuing Violation Exception**

66. Tolling plausibly permissible in this matter. Here also under the continuing violation exception triggered by Defendant's relative actions against Plaintiff commenced with the initial grievances, charge (EEOC), Complaint (NLRB) and Civil Complaint (20-CV-3843 (PAE) (SLC). Considering each instance "are part of the same unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002)* Plaintiff timely filed the EEOC Charge within the 300 day time frame, thus, the matter plausible as timely. *Chin v. Port Auth. Of N.Y. & N.J., 685 F.3d 135, 155-156 (2d Cir. 2012)*

67. Plaintiff's initial discriminatory charge submitted on October 13, 2019 illustrated Defendant's prohibited acts, here now, waltz further into Defendant's discrimination on the premise of Plaintiff's race and religion continuing in/or about October 8, 2021 and peaking on December 27, 2021 therewith Plaintiff's discriminatory discharge ignited by Plaintiff's race and religion. Plaintiff's Title VII claims forbid undue hardships adversely set upon Plaintiff due to Plaintiff's religion. To which, Defendant's adverse actions against Plaintiff therewith the discriminatory discharge negated Plaintiff's Title

33

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

VII rights nullified as a result. Here also, Defendant opportune to reinstate employment thereto Plaintiff as of the vaccine mandate lifted for New York City by the Mayor, Eric Adams. To date, Defendant has refused, silently, denied, deliberately to reinstatement of employment thereto Plaintiff. Such here, in addition to Defendant's assertion of Plaintiff reinstated should the vaccine mandate be lifted, as inscribed therein Defendant's EEOC Position Statement.

## CONTINUITY OF TITLE VII RETALIATION CLAIM IN CONJUNCTION WITH 42 U.S.C. SECTION 1981, NYSHRL and NYCHRL

68. In addition, Plaintiff addressed, claimed Defendant's retaliatory actions indeed related and continual as well casually connected therefrom the initial filings aforementioned. **Bonner v. Guccione, 178 F.3d 581, 584 (2d Cir. 1999)** Title VII prohibits, here also, retaliation against an employee who "has opposed any practice [that is] made an unlawful employment practice' under Title VII." 42 U.S.C. 2000e-(3)(a). Reasoning with *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 801 (1973), See also: Littlejohn v. City of New York , 795 F.3d 297, at 315 (2d Cir. 2015)* Thus, Plaintiff must establish two elements to evince a prima facie case of retaliation, plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a casual connection between the protected activity and the adverse employment action." *at 316*

34

69. Plaintiff's race, Black/African-American continuously an issue with Defendant, as illustrated in the prior Complaint (20-CV-3843 (PAE)(SLC)) as well herewith, in addition to Plaintiff's religion at issue, each of which are protected activities under Title VII.

70. Clearly, Defendant cognizant of Plaintiff's protected activities under Title VII, *(Hunt v. Pritchard Industries, Inc., 07-CV-0747 and 07-CV-1382 (JSR) (AJP); Alba Garcia v. Pritchard Industries, LLC, 20-CV-10858 (ALC)* Plaintiff Garcia, as with Plaintiff in this instant matter, unable to identify the last name of Adrian. *(see fn. 2)* Here also, it is indicated Garcia is subject to abuse for being a non-Albanian woman.

71. Defendant Pritchard's discriminatory, constructive discharge, termination of Plaintiff under the guise of "leave of absent" undeniably nullifies Plaintiff's Title VII protections adversely, in which, leave of absence is not deemed a reasonable accommodation under Title VII, in that Plaintiff is faced with undue hardships directly resulting from loss of employment, employment opportunities, privilege of employment on the basis of Defendant's discriminate, constructive discharge, termination on the premise of terms, conditions of employment, not pursuant to Title VII protections.

72. In conjunction with Title VII retaliatory actions by Defendant, 42 U.S.C. Section 1981, NYSHRL, N.Y. Exec. L. § 296(1)(a), (e) and NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a), (7) plausibly applicable in this instant matter based on the continuity of adverse actions

35

imposed upon Plaintiff thereby Defendant. *Tekula v. Bayport- Blue Point Sch. Dist., 295 F.Supp.3d 224, 229 (E.D.N.Y. 2003), Hagan v. City of New York, 39 F.Supp.3d 481, 503 (S.D.N.Y. 2014)*

73. Plaintiff avers, as the Honorable Court has considered the causal connection thereof Defendant's actions evinced in 20-CV-3843 (PAE)(SLC) and 22-CV-10674 (PAE) (SLC) as to the protected activities with adverse actions, continues to spillover to Plaintiff's religion and race herein this instant matter. Furthermore, Plaintiff, in light of the Honorable Court's consideration as to the "but-for" clause notes, "Under New York City law, while the plaintiff must establish the same factors laid out above, a Plaintiff is not request to show but-for causation." **McHenry v. Fox News Network, LLC, No. 19 CIV. 11294 (PAE), 2020 WL 7480622, at 11 (S.D.N.Y. Dec. 18, 2020)**

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully request the Honorable Court grant this employment discrimination complaint premise on race and religion in its entirety therewith the causal connection, related, continually, wrongfully culminated, thereby Defendant as illustrated, delineated in **Mark Garnes v. Pritchard, 20-CV-3843 (PAE)(SLC) and Mark Garnes v. Pritchard, 22-CV-10678 (PAE) (SLC)** as well hereto.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

## DAMAGES/RELIEF

### December 27, 2021 to Present (Date of Granted Relief)

i.      Reinstatement to Full Employment with Full Benefits-Preferably 3rd Shift

ii.     Back Pay at 100%: $102.257.00 - $110,510.00 plus (12/27/2021 to 12/31/2022)

iii.    Back Pay at 100%: $90,000.00 - $96,000.00 plus (01/01/2023 to Present)

iv.     All Loss Union Contributions-Benefit Funds Retroactively: 12/27/2021-present

v.      All Union Dues Retroactive from 12/27/2021 to Present

vi.     Retroactive Life Insurance contributions from 12/27/2021 to Present

vii.    Retroactive Health Insurance contributions from 12/27/2021 to Present

viii.   Six (6) Weeks Vacation & Vacation Pay (Years: 2022 & 2023 (3 Weeks Annually))

ix.     Twenty (20) Sick Days with Unused Pay: (Years: 2022 & 2023)

x.      Four (4) Clinic Days with Unused Pay: (Years: 2022 & 2023)

xi.     Two (2) Personal Days with Unused Pay: Birthday (Years: 2022 & 2023)

## COMPENSATORY/CONSEQUENTIAL DAMAGES:

### (December 27, 2021 to Present)

i.      Rent Arrears: January 2021 to Present

ii.     Utility Bill Arrears: Home – Electricity ($400 plus)

iii.    Medical Bill Arrears: $500.00 Plus

iv.     Car Loan Arrears: $5,000.00 Plus ($400.00 Mthly)

v.      Car Insurance Arrears: $6,000.00 Plus ($320.00 Mthly)

37

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

vi.    Vehicle Registration Arrears: $150.00

vii.   Traffic-Parking Tickets Arrears: $500.00 Plus

viii.  Internet: $300.00 Plus

ix.    Credit Cards In Arrears:

    a.  Macy's: $1,500.00 Plus

    b.  Capital One-Mastercard: $3,000.00 Plus

    c.  VISA (MCU): $3,000 Plus

    d.  BANK FEES: Chase, MCU, TFCU - $500.00 Plus

## MISCELLANEOUS

Gym Membership: $150.00 Plus

## INTENTIONAL EMOTIONAL DISTRESS DAMAGES

Plausibly the "Multiplier Method" to ascertain damages thereby compiling all tangible and economic damages, multiplying by 2 to 5 times to ascertain emotional distress damages incurred.

Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023

## PUNITIVE DAMAGES

Defendant's employee roster of more than 500, thus, the limit being $300,000.00 in accord to

EEOC Remedies for Employment Discrimination.

## CONCLUSION

For the reasons set forth above, Plaintiff seeks reinstatement of employment as immediate

appropriate relief, therewith damages/relief inscribed, requested as aforementioned hereto as

the Honorable Court deems just, therewith, under EEOC 's punitive damages directive (EEOC-

Remedies for Employment Discrimination).

Respectfully submitted,

Mark Garnes – Plaintiff, Pro Se                                          Dated: July 28th, 2023
1205 Atlantic Avenue, Unit # 363
Brooklyn, New York 11216

Sworn to me this ___2 8 day of July 2023

_____
Notary Public

GALINA FELDMAN
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01FE6051186
QUALIFIED IN KINGS COUNTY
MY COMMISSION EXPIRES NOVEMBER 20, 2026

39

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

Mark Garnes,                              :

             Plaintiff,          :          **AFFIRMATION OF SERVICE**
Docket Number:

      -against-                     :

                               :

Pritchard Industries, Inc.,

                               :

             Defendants.

_____X

I, Mark Garnes, Plaintiff, Pro Se, hereby swears under the penalty of perjury pursuant to 28 U.S.C. Section 1746, that I have submitted by hand-delivery the original of the Summons and Complaint with Declaration of Mark Garnes, there also, attached EEOC "Right To Sue" Letter with IFP Applications/Forms to the Clerk of the Court, Southern District of New York, 40 Foley Square, New York, New York 10007 on July 28th, 2023. Here also, with copy same retained by Plaintiff.

Mark Garnes, Plaintiff-Pro Se                    DATED: July 28th, 2023
1205 Atlantic Ave., Unit 363
Brooklyn, New York 11216

40

Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023

# EEOC "RIGHT TO SUE" LETTER

 # U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Miami District Office**
100 SE 2nd St, Suite 1500
Miami, FL 33131
(800) 669-4000
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/26/2023

To: Mark Garnes
Po Box 160363
Brooklyn, NY 11216
Charge No: 520-2022-04537

EEOC Representative and email:    JEANETTE WOOTEN
Investigator
jeanette.wooten@eeoc.gov

---

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Evangeline Hawthorne
05/26/2023
Evangeline Hawthorne
Director

Cc:
Victoria Pasquale
Pritchard Industries, Inc.
150 E 42ND ST FL 7
New York, NY 10017

Nicholas A Corsano
corsanon@gtlaw.com

Please retain this notice for your records.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____X

Mark Garnes,                                           :

           Plaintiff,               :

                                               Docket Number:

       -against-                   :

                             :

Pritchard Industries, Inc.,

                             :

           Defendants.

_____X

### DECLARATION OF PLAINTIFF
### MARK GARNES

I, Mark Garnes, Plaintiff, Pro Se, do hereby declare and state as follows:

1. I am the Plaintiff in this matter, a pro se litigant. I am also the Plaintiff and pro se litigant in the related matters under *Mark Garnes v. Pritchard Industries, Inc., 20-CV-3843 (PAE) (SLC)* and *Mark Garnes v. Pritchard Industries, Inc., 22-CV-10648*. Each of which are currently before the Honorable Court in the Southern District of New York.

1

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

2. This declaration is being submitted in support of the discriminatory, retaliatory actions premise upon my race, gender and religion are protected activities, which Defendant, Pritchard Industries, Inc. have continuously set, here upon me.

3. I declare that in or about February 2016 upon the hiring of Violeta Kola, thereafter, Indira Hadzicanonvic, Ibrahim Erutul, Belirina Sulaj, I began to incur discriminatory actions by Defendant thereby reduction in job assignments/details that consisted of additional wages and hours (AB Time and/or Overtime). The reductions due to hiring the aforementioned employees, primarily the first two employees who insisted to the foreman, Maksim Shallari, there also Adrian Hoxha (Area Manager) that I was receiving too many hours (wages). Thereafter, my absentee coverage for all shifts (1st, 2nd and 3rd) were reduced, with wages and hours, here also, job assignments/details as the HDC (Heavy Duty Cleaner)/Utility reduced (wages and hours) as FULLY delineated in the initial complaint **(20-CV-3843 (PAE) (SLC))**.

4. I declare that upon the COVID-19 pandemic, I was able to continue working due to reduction in staff based on my building seniority and union seniority at the work location (400 Park Ave. New York City).  Upon the "vaccine mandate" becoming an issue of safety, I was provided a memorandum on October 8, 2021 regarding vaccination and/or request for religious or medical accommodation. Based on my religious faith, belief, practices as an African Hebrew Israelite, I requested for a

2

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

religious exemption with reasonable accommodation based on my religion. This initial religious exemption attestation was provided to Defendant on October 18, 2021 with no response nor reply as to this request from Defendant. I only received a verbal "This won't fly." therefrom Defendant's Director of Safety, Steven DiMartino that same evening. Defendant nor Steven DiMartino provided no forms, applications, directives as to how I was to proceed, apply for this religious accommodation. To which, I composed my own request accordingly.

5. On October 21, 2021, I composed a second religious exemption attestation in request for a reasonable accommodation due to my religious practices, faith, belief, tenets. Defendant failed to provide any reply and/or response. Here, I requested to change shifts, third shift (Midnight to 8 a.m.), due to my religious practices, faith, belief and tenets, in that, the vaccination was in violation of my religion as an African Hebrew Israelite, not to defile my body, mind, soul, spirit with unnatural elements.

6. On November 16, 2021, I filed a grievance with the Union (Local 32BJ SEIU) regarding religious discrimination based on my religious exemption attestation request with reasonable accommodation as to the vaccine mandate for vaccination being declined by me on the premise of my religion. This grievance therewith an additional grievance relative to this matter is currently in arbitration.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –
Letter of Right To Sue - Decision - May 26th, 2023**

7. On December 1, 2021, Defendant granted me a reasonable accommodation thereof "testing" weekly negative to continue working. I complied with negative weekly testing up to January 27, 2022.

8. On December 14, 2022, Defendant advised me via memorandum that I must be vaccinated by December 27, 2021 or be placed on a recall list or leave of absence should I decline to be vaccinated. I declined and was constructively discharged, terminated on December 27, 2021 based upon terms, conditions of employment which negated Title VII protections in this matter.

9. On December 16, 2021, prior to this discriminate, constructive termination, discharge, I filed an additional grievance for discriminatory discharge, termination. Such is integrated therewith the arbitration currently pending.

10. On December 27, 2021, I composed a letter of request to continue "testing" accordingly as permitted on December 1, 2021 thereto Defendant's Vice President of Human Resources, Victoria Pasquale. To date, I have not received a response directly related to that communication.

4

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

11. On November 1, 2022, the vaccine mandate was lifted by the Mayor of New York City, Eric Adams. Defendant refused to reinstate me to employment. I communicated this request to reinstatement via email and letters of request to Defendant's Human Resources (Teresa McCourt), Director of Operations (Mike Dokovic), Director of Safety (Steven DiMartino) and Victoria Pasquale, V.P. of Human Resources and S. Deavers. This letter of request to reinstatement to employment rest also with Defendant's EEOC July 12, 2021 Position Statement in which Defendant asserted to reinstate me should the "vaccine mandate" be lifted. To date, I have not been reinstated on this assertion by Defendant's Position Statement due to the "vaccine mandate" lifted. My continued belief being discrimination and retaliation upon me by Defendant as delineated in all complaints, grievances accordingly. In that Defendant, as well the named parties thereunder Defendant's umbrella as executive, administrative staff continues to discriminate against me based on my race and religion, the latter, revealed due to the COVID-19 restrictions, lockdown and vaccine mandate. Which seemingly heightened Defendant and all mentioned to further retaliate against me as noted.

**Mark Garnes v. Pritchard Industries, Inc., EEOC Case No.: 520-2022-04537 –**
**Letter of Right To Sue - Decision - May 26th, 2023**

12. I, Mark Garnes hereby attest, the aforementioned here and therein the complaints,

grievances, as related, connected, causally and continual wrongs as mentioned,

captioned are true and correct to the best of my recollection, knowledge and

understanding.

_____
Mark Garnes, Plaintiff-Pro Se                                    DATED: July 28th, 2023
1205 Atlantic Ave., Unit 363
Brooklyn, New York 11216

_____
Notary Public


Sworn to me this ___28___ day of July 2023____


| GALINA FELDMAN |
| NOTARY PUBLIC, STATE OF NEW YORK |
| NO. 01FE6051186 |
| QUALIFIED IN KINGS COUNTY |
| MY COMMISSION EXPIRES NOVEMBER 20, 2026 |

6