UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK GARNES,

                Plaintiff,

                v.

PRITCHARD INDUSTRIES, INC.,

                Defendant.

23 Civ. 6699 (PAE) (SLC)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and the New York State and City Human Rights Laws, alleging that his former employer discriminated against him based on his race and religion.[1] He also brings claims under the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*, alleging that his former employer breached a collective bargaining agreement. By order dated August 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

---

[1] On August 22, 2023, the Court accepted this case as related to two other cases pending before the Court: *Garnes v. Pritchard Indus., Inc.*, No. 20 Civ. 3843 (PAE) (SLC), and *Garnes v. Pritchard Indus., Inc.*, No. 22 Civ. 10674 (PAE) (SLC).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow plaintiff to effect service on defendant Pritchard Industries, Inc. through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service defendant.

If the complaint is not served within 90 days after the date the summonses are issued, plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue a summons, complete the USM-285 form with the address for Pritchard Industries, Inc., and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to plaintiff.

SO ORDERED.

Dated:   August 23, 2023
         New York, New York

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Pritchard Industries, Inc.
150 E. 42nd Street, 7th Floor
New York, New York 10017