UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
MARK GARNES,                                                            :
                                                                        :
                                  Plaintiff,                            :     23 Civ. 6699
                  -v-                                                   :
                                                                        :     OPINION & ORDER
PRITCHARD INDUSTRIES, INC.,                                             :
                                                                        :
                                  Defendant.                            :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

On July 28, 2023, plaintiff Mark Garnes, *pro se*, filed this action against his former employer, defendant Pritchard Industries, Inc. ("Pritchard"). Dkt. 1 (Complaint). Garnes appears to bring claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA claim").

Currently pending is Pritchard's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to compel Garnes to arbitrate his claims. Dkt. 9 (the "motion to dismiss"). Also pending is Garnes's motion to "vacate, modify, and correct" an arbitral award in favor of Pritchard, dated November 15, 2023, that relates to the claims in this action.[1]  *See* Dkt. 21 (the "motion to vacate"); Dkt. 22 at 9–27 (the "arbitral award").

---

[1] The arbitration was conducted pursuant to mandatory grievance and arbitration procedures set out in collective bargaining agreements ("CBAs") to which plaintiff acknowledges he was subject. Compl. ¶ 53; *see also* Dkt. 10 Exs. B (2016 CBA) & C (2020 CBA).

On November 3, 2023, the Court referred Pritchard's motion to dismiss and "all such motions" to United States Magistrate Judge Sarah L. Cave. Dkt. 15. After Garnes failed to oppose the motion to dismiss or seek an extension of the deadline to do so, on January 2, 2024, Judge Cave directed him to file a response by January 19, 2024. On January 8, 2024, Garnes filed an opposition to the motion to dismiss. On February 2, 2024, Pritchard filed a reply to that opposition. Dkt. 24.

On January 29, 2024, Garnes filed the motion to vacate. Dkt. 21. On February 5, 2024, Judge Cave, *sua sponte*, issued an order suspending Pritchard's deadline to respond to the motion to vacate in view of "significant factual and procedural overlap" between this action and another of the four cases brought by Garnes against Pritchard in this Court. Dkt. 25. In light of the Court's dismissal of that case, on May 3, 2024, Judge Cave directed Pritchard to file a response to Garnes's motion to vacate the arbitral award. Dkt. 26. On June 18, 2024, Pritchard filed its opposition to the motion to vacate. Dkt. 29.

On July 22, 2024, Judge Cave issued a Report and Recommendation to this Court, recommending that the Court deny as moot Pritchard's motion to compel arbitration of the claims covered by the arbitral award—all but the LMRA claim—and grant its motion to dismiss the LMRA claim. Dkt. 31 at 2 (the "Report"). Construing Pritchard's opposition to the motion to vacate as a cross-motion to confirm the arbitral award,[2] Judge Cave recommended that the Court deny Garnes's motion to vacate and grant Pritchard's motion to confirm. *Id*. at 2, 28–29.

---

[2] Report at 28 (citing Dkt. 29 at 16); *see also, e.g.*, *First Cap. Real Est. Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 196 (S.D.N.Y. 2019), *aff'd* 794 F. App'x 86 (2d Cir. 2019) ("Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter. . . . [C]ourts treat a party's opposition to a motion to vacate as a request to confirm the award[.]" (citations omitted)); *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) ("When a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat

On August 1, 2024, the Court granted Garnes's request for an extension of the deadline to file any objections to the Report, to August 19, 2024. Neither party has filed objections.

The Court incorporates by reference the summary of the facts provided in the Report. For the following reasons, the Court adopts the Report's recommendation in its entirety.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cave's thorough Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "the parties shall have fourteen days to file written objections" and that "failure to file these timely objections will result in a waiver of those objections for purposes of appeal," Report at 10, the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

---

the motion to dismiss as a motion to confirm the award."); *Thyssen, Inc. v. M/V Markos N*, No. 97 Civ. 6181 (MBM), 2001 WL 902564, at *1 (S.D.N.Y. Aug. 7, 2001), *aff'd sub nom. Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102 (2d Cir. 2002) (same).

## CONCLUSION

Accordingly, the Court denies Garnes's motion to vacate and grants Pritchard's cross-motion to confirm the arbitral award. In light of the award, the Court denies as moot Pritchard's motion to compel arbitration as to Garnes's claims other than the LMRA claim. The Court grants Pritchard's motion to dismiss the LMRA claim, which is hereby dismissed without prejudice.

To the extent Garnes wishes to plead additional facts in support of his LMRA claim, he must file any amended complaint by September 11, 2024. Failure to do so will result in dismissal of this case.

The Court respectfully directs the Clerk of the Court to mail a copy of this decision to Garnes at the address on file, and to close all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 26, 2024
       New York, New York