UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARK GARNES,

                                  Plaintiff,

                 -v-

PRITCHARD INDUSTRIES, INC.

                                Defendant.

23 Civ. 6699 (PAE) (SLC)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Mark Garnes, *pro se*, filed this action against his former employer, defendant Pritchard Industries, Inc. ("Pritchard"). Dkt. 1 (Complaint). Garnes alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (the "LMRA claim").

Currently pending are Garnes's objections, Dkt. 37, to the Report and Recommendation issued by Magistrate Judge Sarah L. Cave on July 22, 2024, Dkt. 31 (the "Report"). The Report made recommendations to this Court as to (1) Pritchard's motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to compel Garnes to arbitrate his claims, Dkt. 9 (the "motion to dismiss"); and (2) Garnes's motion to "vacate, modify, and correct" an arbitral award in favor of Pritchard, dated November 15, 2023, that relates to the claims in this action, Dkt. 21 (the "motion to vacate"); *see* Dkt. 22 at 9–27 (the "Award"). The Report recommended that the Court deny as moot Pritchard's motion to compel arbitration of the claims covered by the Award—all but the LMRA claim—and grant its motion to dismiss the

LMRA claim. Dkt. 31 at 2. Construing Pritchard's opposition to the motion to vacate, Dkt. 21, as a cross-motion to confirm the Award,[1] Judge Cave recommended that the Court deny Garnes's motion to vacate and grant Pritchard's motion to confirm. *Id*. at 2, 28–29.

For the following reasons, the Court adopts Judge Cave's report in full.

I.    **Background**

The Court incorporates by reference the Report's summary of the facts and the case's history. The following account is limited to background necessary to the limited issue presented.

On November 2, 2023, Pritchard moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, to compel Garnes to arbitrate his claims. Dkt. 9

On November 3, 2023, the Court referred Pritchard's motion to dismiss and "all such motions" to Judge Cave. Dkt. 15. After Garnes failed to oppose the motion to dismiss or seek an extension of the deadline to do so, on January 2, 2024, Judge Cave directed him to file a response by January 19, 2024. Dkt. 19. On January 8, 2024, Garnes filed an opposition to the motion to dismiss. Dkt. 20. On February 2, 2024, Pritchard filed a reply to that opposition. Dkt. 24.

---

[1] Report at 28 (citing Dkt. 29 at 16); *see also, e.g.*, *First Cap. Real Est. Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 196 (S.D.N.Y. 2019), *aff'd* 794 F. App'x 86 (2d Cir. 2019) ("Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter. . . . [C]ourts treat a party's opposition to a motion to vacate as a request to confirm the award[.]" (citation omitted)); *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) ("When a party moves to dismiss a motion to vacate an arbitration award, the court may, *sua sponte*, treat the motion to dismiss as a motion to confirm the award."); *Thyssen, Inc. v. M/V Markos N*, No. 97 Civ. 6181, 2001 WL 902564, at *1 (S.D.N.Y. Aug. 7, 2001), *aff'd sub nom. Thyssen, Inc. v. Calypso Shipping Corp., S.A.*, 310 F.3d 102 (2d Cir. 2002) (same).

On January 29, 2024, Garnes filed the motion to vacate.[2]  *See* Dkt. 21.  On February 5, 2024, Judge Cave, *sua sponte*, issued an order suspending Pritchard's deadline to respond to the motion to vacate in view of "significant factual and procedural overlap" between this action and another of the four cases brought by Garnes against Pritchard in this Court.  Dkt. 25.  In light of the Court's dismissal of that case, on May 3, 2024, Judge Cave directed Pritchard to file a response to Garnes's motion to vacate the arbitral award.  Dkt. 26.  On June 18, 2024, Pritchard filed its opposition to the motion to vacate.  Dkt. 29.

On July 22, 2024, Judge Cave issued the Report.  The Report stated that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  Dkt. 31 at 30.

On August 1, 2024, the Court granted Garnes's request for an extension of the deadline to file any objections to the Report, to August 19, 2024.  Dkt. 35 ("August 1 Order").  In its August 1 Order, the Court, mindful of the delay and duplication of effort occasioned by Garnes's failure to meet previous filing deadlines in this litigation, stated that "[t]his deadline will not be further extended."  *Id.*; *see, e.g.*, Dkts. 19, 34.

On August 26, 2024, with no objections having by then been filed, the Court issued an opinion and order in which it adopted the Report's recommendation in its entirety.  Dkt. 36.

On September 5, 2024, the Court was notified, however, by the District's Office of Pro Se Litigation that Garnes appeared to have hand-delivered his objections to the Clerk of the

---

[2] The arbitration was conducted pursuant to mandatory grievance and arbitration procedures set out in collective bargaining agreements ("CBAs") to which Garnes acknowledges he was subject.  Compl. ¶ 53; *see also* Dkt. 10 Exs. B (2016 CBA) & C (2020 CBA).

Court on August 19, 2024, but that, due to an inadvertent delay, such document had not been docketed until September 3, 2024. Dkt. 37 at 24 ("Garnes Objection").

On September 6, 2024, the Court, finding that Garnes's objections to the Report were properly considered, directed Pritchard to file any response to the objections by September 20, 2024. Dkt. 38 at 2. The Court stayed Garnes's deadline to file any amended complaint pending the Court's consideration of his objections. *Id*.

On September 20, 2024, Pritchard filed its response to the objections. Dkt. 40 ("Pritchard Response").

## II. Discussion

After a magistrate judge has issued a Report and Recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept the portions of a report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Acevedo v. Lempke*, No. 10 Civ. 5285 (PAE) (HBP), 2014 WL 4651904, at *3 (S.D.N.Y. Sept. 17, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)). A *pro se* plaintiff's objections "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (cleaned up). When a timely and specific objection has been made, the court is obligated to review the contested issues *de novo*. *See id.*; Fed. R. Civ. P. 72(b)(3); *Hynes v. Squillace*, 143 F.3d 653, 656 (2d Cir. 1998).

Here, Garnes objects to the Report's recommendation that his motion to vacate be denied and the Award be enforced. *See* Garnes Objection at 1, 6. Because Garnes is proceeding *pro se*, the Court liberally construes his objections "to raise the strongest arguments they suggest."

4

*Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017)).  So construed, Garnes's objections appear to challenge the Report on two grounds.

Garnes's first argument is that the Award should not be enforced because the arbitrator disregarded the law under Title VII, 42 U.S.C. § 2000e *et seq*.  Garnes Objection at 12–15.[3]  That argument fails for multiple independent reasons.  First, it rehashes Garnes's argument in his motion to vacate, which was soundly rejected by the Report.  *See* Dkt. 23 at 66; *see* Report at 27 (concluding "that the Arbitrator did not manifestly disregard the law such that vacatur would be appropriate").  "[A] party fails to properly object if she makes only conclusory or general objections, or simply reiterates her original arguments." *Ramgoolie v. Ramgoolie*, No. 22-1409, 2024 WL 4429420, at *2 (2d Cir. Oct. 7, 2024) (summarizing rule); *see also, e.g.*, *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (noting district court's reliance on the "rule" that "when the party makes only conclusory or general objections, or simply reiterates his original arguments, the district court reviews the Report and Recommendation only for clear error") (quoting *Thomas v. Astrue*, 674 F. Supp. 2d 507, 511 (S.D.N.Y. 2009))); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (applying clear error standard to "merely perfunctory responses . . . argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition"); *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007) (similar).[4]  Such is the case here.  And this Court's careful review of

---

[3] Garnes does not, and cannot, dispute that the arbitrator had the authority to consider his claims. *See* 9 U.S.C. § 10(a)(4).  As noted, the CBAs required arbitration of these issues, *see* 2016 CBA at 3–11; 2020 CBA at 3–11, and Garnes acknowledges that he was bound by the CBAs, *see* Compl. ¶ 53 ("[T]he CBAs were in force during Plaintiff's employment with Defendant, to which, all terms relevant to this matter govern this employment relationship.").

[4] Although the Second Circuit has recently expressed "skepticism" on district courts' application of clear error review to objections seeking to relitigate issues fully argued in submissions to the

the Report does not reveal any facial error in its finding that the arbitrator did not disregard the applicable law.

Second, even were Garnes's argument reviewed *de novo*, it would not support vacatur of the Award. "The role of a district court in reviewing an arbitration award is narrowly limited and arbitration [tribunals'] determinations are generally accorded great deference under the Federal Arbitration Act." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 599, 103 (2d Cir. 2013). "A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden . . . [.]" *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir.2010). "A court may vacate an arbitral award on this ground only if the court 'finds both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case.'" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 589 (2d Cir. 2016) (quoting *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004)).

Garnes does not come close to meeting this standard. Contrary to his claim, the arbitrator did consider Garnes's argument that Pritchard failed to provide him a reasonable accommodation for his religious belief, which assertedly prevented him from receiving the COVID-19 vaccine. Award at 13–19; *see also* Report at 4 (explaining that the December 13, 2021 order of the New York City Commissioner of Health and Mental Hygiene required employers to exclude employees who failed to produce proof of vaccination, but did not "prohibit reasonable accommodations for medical or religious reasons"). Garnes argued in the arbitral proceedings, as he does here, that Pritchard had been required to transfer him to an overnight shift or allow

---

magistrate judge, it has not resolved this "unsettled" question. *Ramgoolie*, 2024 WL 4429420, at *2; *see Miller*, 43 F.4th at 121.

him to work his regular shift from 5:30 p.m. to 12:30 a.m. with "continual" COVID-19 testing. Garnes Objection at 12. The arbitrator rejected that argument, concluding, based on witness testimony and his construction of the statutory and regulatory law and the collective bargaining agreement, that neither option was a "reasonable" accommodation. Award at 18; *see also* 2016 CBA at 11; 2020 CBA at 11 (covering, *inter alia*, claims pursuant to Title VII, the New York State Human Rights Law, and "any other similar laws, rules or regulations"). The arbitrator found that (1) an overnight shift was not available; and (2) even with frequent testing, Garnes, working his regular shift unvaccinated, would pose a "direct threat" to other Pritchard employees and employees of Pritchard's client because his work "involved contact" with them and "entry into tenant spaces." Award at 16–17.[5] The arbitrator thus unambiguously stated his conclusion: Pritchard "had a well-supported basis for denying the accommodation that Mr. Garnes sought and for refusing to let him work unvaccinated." *Id*. at 17; *cf. Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985) ("Under Title VII, an employer cannot discriminate against any employee on the basis of the employee's religious beliefs unless the employer shows that he cannot reasonably accommodate the employee's religious needs without undue hardship on the conduct of the employer's business."). Garnes fails to identify any applicable law that the arbitrator ignored in reaching that conclusion. And Garnes's bare assertion that the Award is "incoherent" does not make it so. Garnes Objection at 18.

To the extent Garnes disputes the arbitrator's *application* of the law, that would not support vacating the award. "A federal court cannot vacate an arbitral award merely because it is

---

[5] Garnes's challenge also fails to the extent that he argues that the arbitrator disregarded his request to be reinstated as of November 1, 2022, after the December 13, 2021 order was lifted. Garnes Objection at 15. The arbitrator did not disregard that request. He instead ruled against it, finding that Garnes was ineligible for reinstatement because he had not elected to be placed on a leave of absence or on the "recall list." Award at 17–18.

7

convinced that the arbitrat[or] . . . made the wrong call on the law." *Wallace*, 378 F.3d at 190. Rather, the "award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003); *see also, e.g.*, *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 124 (2d Cir. 2011) (same). The Award easily clears this bar.

Garnes also argues that the Report should have recommended that the matter be remanded to arbitration because the Award is "ambiguous." Garnes Objection at 21. The Court emphatically rejects this contention. As noted, the Award unambiguously finds in Pritchard's favor. Award at 17–19. And its conclusion is reasonable and reasonably explained. *See T.Co Metals*, 592 F.3d at 339 ("Even where explanation for an award is deficient or non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case."); *Shenzhen Lanteng Cyber Tech. Co. v. Amazon.com Servs., LLC*, No. 23-7593, 2024 WL 4356307, at *2 (2d Cir. Oct. 1, 2024). The Court does not find any warrant in law or fact for remand to the arbitrator for clarification.

In sum, notwithstanding the conclusory and general character of Garnes's objections, *see* Pritchard Response at 2, the Court has considered the entire record *de novo*. Having done so, the Court is in wholesale agreement with Judge Cave's Report and hereby adopts its recommendation.

## CONCLUSION

Accordingly, the Court denies Garnes's motion to vacate and grants Pritchard's cross-motion to confirm the arbitral award. In light of the award, the Court denies as moot Pritchard's motion to compel arbitration as to Garnes's claims other than the LMRA claim. The Court

grants Pritchard's motion to dismiss the LMRA claim, which is hereby dismissed without prejudice.

To the extent Garnes wishes to plead additional facts in support of his LMRA claim, he must file any amended complaint by January 17, 2025. Failure to do so will result in dismissal of this case.

The Court respectfully directs the Clerk of the Court to mail a copy of this decision to Garnes at the address on file, and to close all pending motions.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: December 20, 2024
       New York, New York